14-55988

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARY GONZALES SMITH
             Plaintiff - Appellant,

vs.

HERITAGE RANCH OWNERS
ASSOCIATION (a California
Corporation), FRANK G. BARRERA,
             Defendants - Appellees

On Appeal from the United States District Court for the
Central District of California
No. 09-05198 - CW
Hon. Carla M. Woehrle, Judge

**APPELLANTS REPLY BRIEF**
Appeal from Final Judgment and Summary Judgment

**David L. Hagan SBN #176673**
**Attorney at Law**
**P.O. Box 1638**
**Pismo Beach, CA 93448-1638**
227 E. Branch Street, Arroyo Grande, CA 93420
(805) 473-9700 TELEPHONE
(805) 473-9711 FACSIMILE
Email: lawprofessional@charter.net
lawprofessional@aol.com
Attorney for Plaintiff, Mary Gonzales Smith

TABLE OF CONTENTS

APPELLEES' "STATEMENT OF ISSUES PRESENTED" ARGUES SEVERAL CONCLUSIONS THAT ARE FACTUALLY AND LEGALLY INCORRECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A RECITATION OF THE STATUTE, 42 U.S.C. § 1982, DOES NOT EXPLAIN THE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A.    Mere Recitation of the Statute in this Case Does Not Explain the Law to the Jury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B.    42 U.S.C. § 1982 Is Not a Contract Statute and a Jury Should Be Prevented from Construing it as Such. . . . . . . . . . . . . . . . . . 5
    C.    It Is Only by Limiting the Scope of Section 1982 to Property Rights That the Statute Can Be Internally Harmonized. . . . . . 8

APPELLANT DID NOT AGREE TO THE INSTRUCTION GIVEN . . . . . . . . . 9

THE FORM OF APPELLANTS BRIEF WAS NOT AN ISSUE AT THE BEGINNING OF 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

APPELLANT STANDS ON HER PREVIOUS ARGUMENT ABOUT SECTION 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### FEDERAL STATUTES

42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

42 U.S.C. § 1982 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-6, 8, 10

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

Civil Rights act of 1866 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

### FEDERAL CASES

Memphis v. Greene, 451 U.S. 100, 122 (U.S. 1981) . . . . . . . . . . . . . . . . . . . . . 2

Gates v. Collier, 616 F.2d 1268, 1273-1274 (5th Cir. Miss. 1980) . . . . . . . . . . . . 4

Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir. Haw. 1955) . . . . . . . . . . . . 5

Hurd v. Hodge, 334 U.S. 24, 33-34 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kelly v. South Carolina, 534 U.S. 246 (U.S. 2002) . . . . . . . . . . . . . . . . . . . . 3, 6

Lemus-Losa v. Holder, 576 F.3d 752 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . 8

Love v. United States, 944 F.2d 632 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . 4

Pickup v. Brown, 740 F.3d 1208, 2014 U.S. App. LEXIS 1878 (9th Cir. Cal., 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316 (U.S. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Bean, 537 U.S. 71 (U.S. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Gallenardo, 579 F.3d 1076 (9th Cir. Mont. 2009) . . . . . . . . . . . 5

US West Commc'n, Inc. v. Hamilton, 224 F.3d 1049, 1053 (9th Cir. 2000) . . . . . 5

Williams v. United States, 93 F. 396 (9th Cir. Cal. 1899) . . . . . . . . . . . . . . . . . . . 1

## OTHER AUTHORITIES

Black's Law Dictionary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Mary Smith v. Heritage Ranch Owners Associat, et al

14-55988

APPELLANT'S REPLY BRIEF

I.

## APPELLEES' "STATEMENT OF ISSUES PRESENTED" ARGUES SEVERAL CONCLUSIONS THAT ARE FACTUALLY AND LEGALLY INCORRECT

First Appellant will rebut conclusions stated by Appellees that are contrary to the law and to facts provided in their Supplemental Excerpts of Record. On Page 6, Appellees assert that arguing the effect of the word "including," in the challenged jury instruction raises a "new issue on appeal." (Appellees' Response Brief, Page 6.) It is well established that the role of the appellate court is to determine questions of law. <u>Williams v. United States</u>, 93 F. 396 (9th Cir. Cal. 1899). The point of Appellant's appeal is that the jury instruction No. 13, specifically instructing the jury regarding the law 42 U.S.C. § 1982, was legally incorrect. The meaning of the word "including" and its logical inferences, are directly related to whether the instruction is legal. This will be discussed more below.

Appellees accuse the Appellant of arguing that the instruction as given was not precise. They argue the Appellant would not identify the property interests

1

impaired. (Appellees' Response Brief, Page 7.) The specific property interests being impaired were the "benefits" that are included with the Appellant's right to possess her leased property. (Also please see below regarding the word "benefits.") The Heritage Ranch Owners Association linked residence within Heritage Ranch to membership "benefits." That linking "infuses those benefits into the bundle of rights for which an individual pays when buying or leasing within the area." Memphis v. Greene, 451 U.S. 100, 122 (U.S. 1981). In the present case the court refused to instruct the jury that the Appellant's property rights under 42 U.S.C. § 1982 included those "benefits" as a matter of law. These benefits were not something extra but were included in the "bundle of rights" she paid for when she leased. The Appellant cannot identify these specific rights until the court recognizes the very existence of the "bundle," and is willing to so instruct the jury. This did not happen. A jury, instructed only in the simple words of the statute, will not understand the inclusion of a bundle of rights with the property Appellant leased.

//

//

//

## II.

## A RECITATION OF THE STATUTE, 42 U.S.C. § 1982, DOES NOT EXPLAIN THE LAW.

### A. Mere Recitation of the Statute in this Case Does Not Explain the Law to the Jury.

Appellees argue that Appellant cannot seek a review on the basis that the instruction at issue is contrary to the law. Their argument is: "The instruction is nearly a recitation of the statute, with additional language added, at Ms. Smith's instance, to give substance to the term "hold", a property right enunciated in section 1982." Reciting the statute is not sufficient because it is not self-explanatory. "A trial judge's duty is to give instructions sufficient to explain the law, an obligation that exists independently of any question from the jurors or any other indication of perplexity on their part" Kelly v. South Carolina, 534 U.S. 246 (U.S. 2002), citing C. Wright, Federal Practice and Procedure § 485, p. 375 (3d ed. 2000). Model instructions in Civil Rights Cases strongly suggest that merely reciting the statute does not explain the law. The pages of instructions for "CIVIL RIGHTS ACTIONS—42 U.S.C. § 1983" in the Ninth Circuit's Model Jury Instructions (starting on page 134 in either the 2011 or 2014 update) break down each element of 42 U.S.C. §1983, and explain it separately to the jury. It is doubtful that any model jury instruction simply recites a statute.

3

The Ninth Circuit does not have a model jury instruction for Section 1982. This problem is compounded be the fact that Section 1982 is routinely, and improperly, conflated with 42 U.S.C. § 1981. It is well understood that both of these sections were part of the Civil Rights act of 1866. Congress felt the need to separate the two parts of the law. It is a "time-worn" principle that "complementary statutes should be read, so far as is practicable, in harmony with one another." Love v. United States, 944 F.2d 632 (9th Cir. 1991) This has not been the case between Sections 1981 and 1982.

Appellant acknowledges that her understanding of the depth of this problem has been extraordinarily slow. One of the impediments is the tendency of courts to somewhat casually infer that Section 1982 is a narrower subset of Section 1981. A couple of examples are Gates v. Collier, 616 F.2d 1268, 1273-1274 (5th Cir. Miss. 1980), while discussing Section 1988, stated that it applied to civil rights statutes, including "42 U.S.C.A. § 1982, forbidding discrimination in real estate *transactions.*" Even the Supreme Court was less than precise in Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316 (U.S. 2008), "The Federal Government and every State, county, and municipality can make nondiscrimination the law governing contracts generally, and real property *transactions* in particular. See, e.g., 42 U.S.C. §§ 1981, 1982."

4

## B.     42 U.S.C. § 1982 Is Not a Contract Statute and a Jury Should Be Prevented from Construing it as Such.

Respectfully, 42 U.S.C. § 1982 is *not* a contract statute. It does not protect transactions. 42 U.S.C. § 1981 protects contracts. Section 1982 protects property rights. "When statutes 'were enacted at the same time and form part of the same Act, the duty to harmonize them is particularly acute.'" United States v. Gallenardo, 579 F.3d 1076 (9th Cir. Mont. 2009), citing US West Commc'n, Inc. v. Hamilton, 224 F.3d 1049, 1053 (9th Cir. 2000), as amended. The interpretation of Section 1982 as protecting property rights only, and not protecting contracts, is the interpretation that gives meaning to, and harmonizes it with Section 1981. Removing contract protection from the scope of Section 1982, and limiting it to property rights, harmonizes every word of the statute. "It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word." Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir. Haw. 1955). This problem of internal harmony will be discussed further below.

One source of the problem is that Section 1982 reads like a contract statute, like a subset of Section 1981. Four out of the six key words of 42 U.S.C. § 1982 would lead almost any juror to believe that it was a Contract statute:

//

5

> § 1982. Property rights of citizens
>
> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, *purchase, lease, sell*, hold, and *convey* real and personal property.

If this statute were simply read to the jury as an instruction, jurors might wonder about the words *inherit* and *hold*, but unless they wondered enough to ask a question, they would likely focus on the words that look like transactions. It is the obligation of the trial judge to prevent this interpretation. The jury should be instructed that the entire statute has nothing to do with transactions and is focused only on property rights, regardless of how the person came into rightful possession of the property. The statute needs to be explained. <u>Kelly</u>, supra.

> Instead, as Appellees note, the court gave a slightly altered version of the statute:
>
> Section 1982 is designed to prohibit any attempt to deprive a person, because of his or her race, of the right to buy, sell, hold, lease, or inherit property of any kind, including the right to use such property.
>
> (Docket #190)

The disharmonious words, "inherit" and "hold" are out-voted by the transaction words. Without a detailed explanation, there is no possibility that a jury would

6

view the issue as anything other than a contract. Since there was no dispute that the Appellant had a lease, the jury was steered directly toward an adverse verdict.

The problem was exacerbated by the phrase: "including the right to *use* such property." Black's Law Dictionary, Sixth Edition, 1990, Page 1216, describes "Property" as "an aggregate of rights which are guaranteed and protected by the government." The definition also states that one of the "aggregate of rights" is the right to "use" the property. Thus the word use is not only misleading, but redundant.

Equally problematic is the word "including." Blacks, Page 763, generally describes it as a term of enlargement. This means that it describes something which in not inherently a part of the entity doing the including. When Section 1982 is seen as a property rights statute, the language of the instruction suggests that "use," or for that matter "benefits," are not integral parts of the rights protected. They are both redundant.

Section 1982 uses completely different language from Section 1981. "The use of different words within related statutes generally implies that different meanings were intended." United States v. Bean, 537 U.S. 71 (U.S. 2002), citing, 2A N. Singer, Sutherland on Statutes and Statutory Construction § 46.06, p. 194 (6th ed. 2000). "Only two possibilities exist: either these two statutes cover exactly the same ground, or Congress's choice of different words means something. As we

7

noted, we should not lightly come to the former conclusion." Lemus-Losa v. Holder, 576 F.3d 752 (7th Cir. 2009).

## C. It Is Only by Limiting the Scope of Section 1982 to Property Rights That the Statute Can Be Internally Harmonized.

It is likely that the purpose of the word "Hold" was to prevent individuals or governments from taking property away from black people by the use of legislative and/or police power. Appellant does not have the time or means to research the congressional records on this matter. However, at least one Supreme Court case dealt with the problem of black people not being allowed to "hold" property. Frequently citing the Civil Rights Act of 1866, the court denounced a legislative and judicial practice: "Solely because of their race and color they are confronted with orders of court divesting their titles in the properties and ordering that the premises be vacated." Hurd v. Hodge, 334 U.S. 24, 33-34 (1948).

Statutes must be so construed as to make all parts harmonize, and give a sensible effect to each. It should not be presumed that the legislature meant that any part of the statute should be without meaning or effect. United States v. Reese, 92 U.S. 214 (U.S. 1876). It is by considering Section 1982 as a property statute only, and rejecting the transactional leanings of words like "purchase, lease, sell," and "convey" do these four words harmonize with "inherit" and "hold." Since this is not at all obvious from the statute, it is the duty of the court to make this

8

perfectly clear to the jury.

### III.

### APPELLANT DID NOT AGREE TO THE INSTRUCTION GIVEN.

Appellees then argue that, minutes before the trial, Appellant inexplicably and illogically acquiesced to an instruction that destroyed her case. (Appellees' Response Brief, Page 12.) At the time the Appellant made the referenced statement, the word "benefits" had already been ordered removed, on Day Three. (Supplemental Excerpts of Record, Page 17, Line 13-16.) The referenced discussion was on Day Four and included several attempts by the Appellant to at least get some modification of the word "use," all of which were refused by the court. (Supplemental Excerpts of Record, Page 24, Line 13, to Page 25, Line 18.) Appellant had nothing left to argue and the statement referenced by Appellee was nothing more than an acknowledgment of that. Regardless, the final instruction was wrong as a matter of law, and could not help but mislead the jury.

### IV.

### THE FORM OF APPELLANTS BRIEF WAS NOT AN ISSUE AT THE BEGINNING OF 2013

Appellees also complain about the format of Appellant's brief. Appellant borrowed the entire format from the opening brief of the State of California, in

9

Welch v. Brown (Appellate 13-15023), included as a related case in Pickup v. Brown, 740 F.3d 1208, 2014 U.S. App. LEXIS 1878 (9th Cir. Cal., 2014).  The State's brief was filed 01/28/2013, and seemed like a safe reference at the time this brief was started.

V.

**APPELLANT STANDS ON HER PREVIOUS ARGUMENT ABOUT SECTION 1983**

Regarding 42 U.S.C. § 1983, Appellant will stand on her original argument.

VI.

**CONCLUSION**

Civil Rights Statute 42 U.S.C. § 1982 is practically an orphan.  Actions claiming violations of Section 1982 have almost always included Section 1981 actions.  Nearly all of the appellate decisions regarding these two sections have revolved around their joint legal application, not separate jury instructions.  Courts have generally referred to them as though they were one law.  They are not one law.  Section 1982 specifically and only pertains to property rights.  This is not at all obvious to jurors (or even attorneys).  When instructing about Section 1982, it is critical that a court give careful direction to a jury about property rights, and equally important, that they should not view the law as a contract law, or even

some hybrid. The instruction given by the trial court in this matter, which consisted of merely reading the statute, was legally incorrect, and fatally misleading. Appellant respectfully asks this court to order a new trial using jury instructions that are clear and correct.

February 12, 2015

        /s/ David L. Hagan
David L. Hagan
Attorney for Appellant
Mary Gonzales Smith

Certification of Compliance with

FORM OF BRIEFS, APPENDICES, AND OTHER PAPERS

FRAP 32(a)(7)(A & B)

I certify that the following brief complies with FRAP 32(a)(7)(A & B). It contains 11 pages, and 2,184 words.

/s/

David L. Hagan, Attorney for Appellant

| 9th Circuit Case Number(s) | 14-55988 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Feb 12, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)   /s/ David L. Hagan

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)

14-55988

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARY GONZALES SMITH
        Plaintiff - Appellant,

vs.

HERITAGE RANCH OWNERS ASSOCIATION (a California Corporation), FRANK G. BARRERA,
        Defendants - Appellees

On Appeal from the United States District Court for the
Central District of California
No. 09-05198 - CW
Hon. Carla M. Woehrle, Judge

**I certify that the attached Appellant's Reply Brief was printed from the same PDF file I submitted when I filed the brief by ECF, and thus is identical.**

_____
**David L. Hagan  SBN #176673**
**Attorney at Law**
**P.O. Box 1638**
**Pismo Beach, CA  93448-1638**
227 E. Branch Street, Arroyo Grande, CA 93420
(805) 473-9700 TELEPHONE
(805) 473-9711  FACSIMILE
Email:   lawprofessional@charter.net
lawprofessional@aol.com
Attorney for Plaintiff, Mary Gonzales Smith
*FOR HARD COPIES ONLY*